U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

DEC 2 7 1999

ROBERT H. SHEMWELL, CLERK
BY_____
                    DEPUTY

MASSOUD ARBABZADEH, M.D.

VERSUS

LOUISIANA STATE UNIVERSITY
HEALTH SCIENCE CENTER-SHREVEPORT

CV99-2338 'S

CASE NO:

JUDGE:

JUDGE WALTER
MAGISTRATE JUDGE PAYNE

**ORIGINAL COMPLAINT FOR**
**DECLARATORY JUDGMENT**

Plaintiff, by his attorneys, complaining of the defendant, alleges:

1.      Plaintiff is a medical doctor domiciled in Caddo Parish, Louisiana, and a citizen of Iran and a permament resident of Canada.

2.      Defendant, LOUISIANA STATE UNIVERSITY HEALTH SCIENCE CENTER-SHREVEPORT [LSUHSC-S] is a state sponsored medical school organized under the laws of the State of Louisiana, with its principal place of business at 1501 Kings Highway, in the City of Shreveport, State of Louisiana. Defendant may be served through its Vice Chancellor and Interim Dean, Ike Muslow.

3.      The amount involved in this controversy exceeds the statutory minimum, exclusive of interest and costs.

①

4.       On December 14, 1999, plaintiff was employed as a third-year resident in the LSUHSC-S Radiology Department.

5.       On December 14, 1999, plaintiff attended a regularly scheduled conference in connection with his employment. From that conference, Plaintiff was summoned by Dr. Horacio D'Agostino, M.D., Chairman of the Department of Radiology, to a meeting.  Prior to being summoned by Dr. D'Agostino, plaintiff had no notice of the scheduled meeting which was to take place and had no notice of the issues to be discussed at the meeting.

6.       On said date, at about 4:30 p.m., plaintiff met with Dr. D'Agostino, Dr. Roy G. Clay, Jr., Associate Dean for Clinical Affairs, and Ms. Susan Armstrong, M.S.N., M.B.A., J.D., University Compliance Officer in Dr. Clay's office.

7.       At said meeting, defendant's agents issued an ultimatum and obtained by threats and persistent demands a letter purporting to be a letter of resignation by plaintiff.

8.       The one sentence writing was typed by an agent of the defendant, addressed by an agent of defendant to Dr. D'Agostino and dated December 14, 1999.

9.       The defendant, though its agents, well-knowing plaintiff's rights to due process pursuant to plaintiff's contract with defendant, wrongfully and

fraudulently, and with malicious intent, conspired together, among themselves, to obtain by ultimatum, threats and persistent demands, a coerced resignation from plaintiff.

10.    According to Dr. Clay, plaintiff's general performance in the residency program was not a factor in the decision to issue the ultimatum resulting in the coerced resignation.

11.    Further, the alleged conduct is not related to patient care at the defendant's or any other entity's health care facility, but rather relates to a single alleged incident on or about December 3, 1999 of attempted violation of LSUHSC-S pharmacy policy concerning medication for plaintiff's family valued at $7.    Plaintiff was legally authorized to write the prescription for the medication, did not obtain the medication from LSUHSC-S pharmacy, and did in fact legally obtain the prescription from a local pharmacy on December 3, 1999.

12.    Plaintiff relied upon the false and fraudulent representations of the agents of defendant, believed them to be true, and would not have signed the writing of December 14, 1999 if he had known that the representations or any of them were false and untrue.    Plaintiff did not learn of the falsity of the representations until a few days later.

13.     Further,   plaintiff   relied   upon   the representations of defendant's agents and thereby was mistaken in fact in believing the writing of December 14, 1999 would protect plaintiff from claims and allegations by defendant made to the Louisiana State Board of Medical Examiners [LSBME] and the Educational Commission for Foreign Medical Graduates [ECFMG], when in fact, defendant's agents intended to and in fact claim to have reported the claims and allegations to said entities in contradiction to the representations made to plaintiff at the December 14, 1999 late afternoon meeting.

14.     Plaintiff   has   amicably   demanded   the revocation and annulment of the writing of December 14, 1999, and the recognition of his rights to due process provided to LSUHSC-S House Officers, to no avail.

15.     A dispute has arisen between the plaintiff and the defendant as to the existence of a valid resignation by plaintiff, which resignation plaintiff alleges was not free and voluntary, but in fact, was the result of fraud, duress, threats, and persistent demands by defendant's agents.

16.     The position of plaintiff is that there is no valid resignation by plaintiff and the defendant refuses to recognize the existence of plaintiff's due process rights

arising out of plaintiff's House Officer contract entered into on or about April of 1999.

17.     An actual existing and bonafide controversy exists between the plaintiff and the defendant as to their jural and legal relations in respect to plaintiff's contract with defendant, and the rights of the parties under this agreement can be determined only by a declaratory judgment.

18.     Further, Plaintiff alleges that he will be irreparably harmed if a temporary restraining order is not issued to defendant.  Plaintiff files herewith his request for a temporary restraining order and hearing on his request for an injunction.

19.     Plaintiff is a foreign medical doctor residing in this country pursuant to a visa believed to be sponsored by the ECFMG and tied to the training program with the defendant.  Defendant's agents have stated their intention to report the purported resignation to the ECFMG, and plaintiff is informed and believes that such report will result in the revocation of his visa and the deportation of plaintiff, his wife and 9 year old child.

20.     Further, plaintiff is informed and believes that defendant is currently attempting to fill plaintiff's position with another medical doctor, and plaintiff will suffer

irreparable harm if such position is filled by another medical doctor and plaintiff alleges that defendant should be enjoined from replacing plaintiff until such due process rights are conducted by defendant.

WHEREFORE, plaintiff, MASSOUD ARBABZADEH, prays for a declaratory judgment:

I.   Declaring the rights and other legal relations of the plaintiff and the defendant by reason of the employment contract entered into on or about April of 1999, and the writing setting forth the purported resignation as attached and marked Exhibit A;

II.  Declaring that the purported letter of resignation was not free and voluntary but rather the product of mistake of fact by plaintiff and of ultimatum, threats, persistent demands and undue duress by defendant's agents to coerce plaintiff into resigning;

III. Declaring that plaintiff is entitled to due process pursuant to his employment contract with defendant as same is defined in the defendant's house staff manual and national standards regulating medical doctor residency programs;

IV.  For such other and further relief as to this Court may seem just and proper in addition to the costs and disbursements of this action.

Fourteenth Floor Slattery Building
509 Marshall Street, Suite 1400
Shreveport, Louisiana 71101-3575
Phone: (318) 221-0607

DAVIS, FLANAGAN & CARMODY
Attorneys and Counsellors at Law

By: _____

F. MICHAEL CARMODY
Bar Roll No. 20509

C O P Y

December 14, 1999

Dr. Horacio D'Agostino
Chairman, Radiology Department
LSUHSC
1501 Kings Highway
Shreveport, LA 71103

Dear Dr. D'Agostino:

I resign my position as a resident in Radiology effective immediately.

Sincerely,

*M. Arbabzadeh*

Massoud Arbabzadeh, M.D.

PLAINTIFF'S
EXHIBIT
A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

MASSOUD ARBABZADEH, M.D.                    CASE NO:

VERSUS                                       JUDGE:

LOUISIANA STATE UNIVERSITY
HEALTH SCIENCE CENTER-SHREVEPORT

**<u>VERIFICATION</u>**

STATE OF LOUISIANA

PARISH OF CADDO

BEFORE ME, the undersigned authority, personally came
and appeared:

MASSOUD ARBABZADEH

who being duly sworn, did depose and state that:

He is the plaintiff in the above action and all
allegations contained therein are true to the best of his
knowledge, information and belief.

MASSOUD ARBABZADEH

SWORN TO AND SUBSCRIBED before me, Notary Public, this
23rd day of December, 1999, at Shreveport, Caddo Parish,
Louisiana.

Notary Public