Sport

U.S DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

DEC 28 1999

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MASSOUD ARBABZADEH, M.D.　§　CIVIL SUIT NUMBER: 99-2338-S

VERSUS　§　JUDGE WALTER

LOUISIANA STATE UNIVERSITY §　MAGISTRATE JUDGE PAYNE
HEALTH SCIENCE CENTER, and
IKE MUSLOW, M.D.

### FIRST AMENDED AND SUPPLEMENTAL ORIGINAL COMPLAINT

NOW UNTO COURT, through undersigned counsel, comes and appears MASSOUD ARBABZADEH (hereinafter Plaintiff), and respectfully files this first amended and supplemental original complaint, and for cause would show:

### PRELIMINARY STATEMENT

1. This action for declaratory and injunctive relief challenges the constitutionality of certain actions of the defendants, through the agents of the LSUHSC, who have deprived plaintiff of his civil rights in:

(a) Failing to provide for plaintiff's administrative appeals as guaranteed in the LSUHSC's Bylaws of the Medical Staff (the Bylaws);

(b) By summarily demanding a resignation of plaintiff's residency position and medical staff privileges without due process as guaranteed by the United States Constitution and the Louisiana State Constitution; and



(c) By continuing and maintaining the termination of plaintiff's residency position and medical staff privileges without due process as guaranteed by the United States Constitution and the Louisiana State Constitution.

This action further seeks damages under Louisiana law for damages inflicted upon plaintiff by defendants.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this subject matter pursuant to 28 U.S.C. Section 1331, (federal question) and 28 U.S.C. Section 1343 (civil rights).

3. The Court has supplemental jurisdiction over Louisiana state law claims asserted by plaintiff.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. Section 1391(b).

## PARTIES

5. Plaintiff is a citizen of Iran, and a permanent resident of Canada. He is a medical doctor in good standing with the Louisiana State Board of Medical Examiners [LSBME].

6. The defendant Louisiana State University Health Science Center - Shreveport [LSUHSC-S] is a state sponsored medical center, and is sued in its official capacity.

7. LSUHSC-S has its principal place of business at 1501 Kings Highway, in the City of Shreveport, State of Louisiana. Defendant may be served through its Vice

Chancellor and Interim Dean, Ike Muslow. Defendant LSUHSC-S employs Plaintiff pursuant to an annual contract or agreement for residency training in Radiology beginning on or about July 1, 1999 and ending June 30, 2000, which contract provides Plaintiff certain property and liberty interests, and rights to due process.

8. The defendant Dr. Ike Muslow is Vice Chancellor and Interim Dean of the LSUHSC in Shreveport and is sued in his individual and official capacity.

## FACTUAL ALLEGATIONS

9. Plaintiff is a medical doctor and currently in his third year of a four year residency program in radiology at LSUHSC.

10. The amount involved in this controversy exceeds the statutory minimum, exclusive of interest and costs.

11. On or about December 14, 1999, plaintiff was regularly employed and working as a third-year resident in the LSUHSC Radiology Department.

12. On said date, at about 4:20 p.m., plaintiff was summoned to a meeting by Dr. Horacio D'Agostino, M.D., Chairman of the Department of Radiology. Prior to being summoned by Dr. D'Agostino, plaintiff had no notice of the meeting which was to take place and had no notice of the issues to be discussed at the meeting.

13. On said date, at about 4:30 p.m., plaintiff met with Dr. D'Agostino, Dr. Roy G. Clay, Jr., Associate Dean for Clinical Affairs, and Ms. Susan Armstrong, M.S.N., M.B.A., J.D., University Compliance Officer in Dr. Clay's office.

14. At said meeting, defendant's agents issued an ultimatum and obtained by threats and persistent demands a letter purporting to be a letter of resignation by plaintiff.

15. The one sentence writing was typed by an agent of the defendant, addressed by an agent of the defendant to Dr. D'Agostino and dated December 14, 1999, a copy of which document is attached hereto and made a part of this complaint marked Exhibit A.

16. The defendant, though its agents, well knowing plaintiff's rights to due process pursuant to plaintiff's employment contract with defendant, wrongfully and fraudulently, and with malicious intent, conspired together, among themselves, to obtain by ultimatum, threats and persistent demands, a coerced resignation from plaintiff.

17. According to Dr. Clay, plaintiff's general conduct in the residency program is not and was not a factor in the decision to issue the ultimatum resulting in the coerced resignation.

18. Further, the alleged conduct forming the basis for the coerced resignation is not related to patient care at the defendant's or any other entity's health care facility,

but rather relates to a single incident occurring on or about December 3, 1999 of alleged attempted violation of LSUHSC's pharmacy policy concerning medication for plaintiff's family valued at $7. Plaintiff was legally authorized to write the prescription for the medication, did not in fact obtain the medication from the LSUHSC-S pharmacy, and did in fact legally obtain the prescription from a local pharmacy on December 3, 1999.

19. Plaintiff relied upon the false and fraudulent representations of the agents of defendant, believed them to be true, and would not have signed the purported letter of resignation if he had known that the representations or any of them were false and untrue. Plaintiff did not learn of the falsity of the representations until a few days later.

20. Further, plaintiff relied upon the representations of defendant's agents and thereby was mistaken in believing the purported letter of resignation would protect defendant from claims and allegations made to the Louisiana State Board of Medical Examiners [LSBME] and the Educational Commission for Foreign Medical Graduates [ECFMG], when in fact, defendant's agents intended and in fact claim to have reported the claims and allegations to said entities in contradiction to the representations made to plaintiff at the December 14, 1999 late afternoon meeting.

21. Plaintiff has amicably demanded the revocation and annulment of the purported letter of resignation of December 14, 1999, and the recognition of his rights to due process provided to LSUHSC-S House Officers, to no avail.

22. A dispute has arisen between the plaintiff and the defendant as to the existence of a valid resignation by plaintiff, which resignation plaintiff alleges was not free and voluntary, but in fact, was the result of fraud, duress, threats, and persistent demands by defendant's agents.

23. The position of plaintiff is that there is no valid resignation by plaintiff and the defendant refuses to recognize the existence of plaintiff's rights arising out of plaintiff's contract entered into on or about April of 1999.

24. An actual and bona fide controversy exists between the plaintiff and the defendant as to their jural and legal relations in respect to plaintiff's employment contract with defendant, and the rights of the parties under this agreement can be determined only by a declaratory judgment.

25. Plaintiff alleges that he will be irreparably harmed if a temporary restraining order is not issued to defendant.

26. Plaintiff is a foreign medical doctor residing in this country pursuant to a visa believed to be sponsored by the ECFMG and tied to the training program with the defendant. Defendant's agents have stated their intention to

report the purported resignation to the ECFMG, and plaintiff is informed and believes that such report will result in the revocation of his visa and the deportation of plaintiff, his wife and 9 year old child.

27.     Further, plaintiff is informed and believes that defendant is currently attempting to fill plaintiff's third year Radiology position with another medical doctor and plaintiff will suffer irreparable harm if such position is filled by another medical doctor and plaintiff alleges that defendant should be enjoined from replacing plaintiff until such due process is afforded plaintiff by defendant.

28.     Plaintiff would show that the deliberation process conducted prior to and during the December 14, 1999 meeting was fundamentally flawed so as to deny plaintiff fundamental protections of due process in the following particulars:

(a)     Dr. Clay, associate dean for clinical affairs, refused to allow the plaintiff to explain his actions claiming that the department chairman had already told the dean what had happened and no other information was necessary for the associate dean to decide;

(b)     Dr. Clay and Ms. Armstrong intimidated Plaintiff by claiming that plaintiff would be immediately prosecuted by law enforcement officials if he failed to immediately resign;

(c)     Plaintiff was excluded from the deliberation process and did not have an opportunity to present arguments in his favor;

(d)     Plaintiff does not know what, if any, witnesses statements were taken in the deliberation process, thereby preventing rebuttal testimony by plaintiff, calling witnesses by plaintiff or cross-examination by plaintiff; and,

(e)     LSUHSC officials acted arbitrarily and capriciously in demanding an immediate resignation and prohibiting plaintiff from seeking the advice of counsel.

29.     Plaintiff shows that defendants have refused to acknowledge the right of plaintiff to due process guaranteed by employment contract with defendant LSUHSC.

30.     Plaintiff shows that defendants have further failed to allow plaintiff to exercise his full clinical privileges even to the date of this petition despite repeated requests by plaintiff to resume his privileges.

31.     The defendants currently prohibit plaintiff from exercising his privileges at Louisiana State University Health Science Center in clear violation of plaintiff's procedural rights under the defendants' own Bylaws.

32.     At all times relevant, the defendants acted under color of state law.

## CLAIMS FOR RELIEF

33. Acting under color of authority conferred upon them by the laws of the State of Louisiana, defendants have deprived plaintiff of substantive and procedural safeguards of due process in the following particulars:

(a) By determining to take action against plaintiff and depriving him of property and liberty interests without first affording him a right to hearing;

(b) By determining to take action against plaintiff and depriving him of property and liberty interests without affording him the right to cross-examine his accusers;

(c) By determining to take action against plaintiff and depriving him of property and liberty interests without affording him the right to an impartial decision-maker;

(d) By determining to take action against plaintiff and depriving him of property and liberty interests without affording him notice of the date and time of the hearing to consider his conduct and affording him an opportunity to be heard.

34. By depriving plaintiff of his liberty and property interests, defendants, at all times acting under color of state law, violated plaintiff's constitutional and civil rights and have proximately caused plaintiff damages including mental and emotional distress, community humiliation, loss of professional reputation and out-of-pocket expenses. Moreover, defendants are currently violating plaintiff's rights by

wrongfully prohibiting plaintiff from continuing with his life's work as a medical doctor.

35. Plaintiff also seeks punitive damages as the actions of defendants exhibited oppression, malice, gross negligence, willful or wanton misconduct, or reckless disregard for the civil rights of plaintiff.

36. Plaintiff is entitled to an award of all reasonable attorney fees, and expert fees as part of the costs of this proceeding.

### INJUNCTIVE RELIEF

37. Plaintiff is entitled to injunctive relief to immediately restrain defendants from continuing its deliberate and intentional actions that are violating plaintiff's civil rights.

38. Plaintiff shows that defendants have threatened, and are currently threatening to report the adverse proceedings to the Louisiana State Board of Medical Examiners [LSBME], which report would stigmatize plaintiff causing immediate and irreparable harm to plaintiff's professional reputation. The LSBME would publish throughout the United States the defendants' report thereby causing further damage to plaintiff's reputation.

39. Plaintiff shows that defendants have threatened, and are currently threatening to report the adverse proceedings to the Educational Commission for Foreign Medical

Graduates [ECFMG], which report would revoke the visa of plaintiff causing immediate and irreparable harm to plaintiff and his family by beginning deportation proceedings.

40. Plaintiff is entitled to immediate injunctive relief, and in due course preliminary and permanent injunctive relief prohibiting defendants from:

    (a) Reporting the purported resignation to the LSBME, ECFMG or to any other agency or entity.

    (b) Preventing plaintiff continuing in the Third year Radiology program at LSUHSC.

## PRAYER

WHEREFORE, plaintiff MASSOUD ARBABZADEH prays that upon the filing of this complaint this Court advance this case on the docket and order a speedy hearing of same and upon the hearing this Court:

    I. Enter judgment in favor of plaintiff and against defendants for all actual damages, mental and emotional distress, community humiliation, loss of professional reputation, and out-of-pocket expenses;

    II. Award plaintiff punitive damages against defendants;

    III. Award all reasonable attorney fees, including expert fees;

    IV. Award all pre-judgment and post-judgment interest;

    V. Award all costs of Court to plaintiff;

      VI.   Injunctive and declaratory relief as requested;

      VII.  That plaintiff have such other, additional or alternative relief as may appear to the Court to be equitable.

Fourteenth Floor Slattery Building  
509 Marshall Street, Suite 1400  
Shreveport, Louisiana 71101-3575  
Phone: (318) 221-0607

DAVIS, FLANAGAN & CARMODY

By: _____

F. MICHAEL CARMODY  
Bar Roll No. 20509

Attorneys for Massoud Arbabzadeh