

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

REC'd
JAN 05 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

| | | |
|---|---|---|
| MASSOUD ARBABZADEH, M.D. | § | CIVIL SUIT NUMBER: 99-2338-S |
| VERSUS | § | JUDGE WALTER |
| ROY G. CLAY, Jr., M.D., associate dean for clinical affairs and medical director of LSUHSC-S in official and individual capacity, and | § | MAGISTRATE JUDGE PAYNE |
| HORACIO R. D'AGOSTINO, M.D., chairman of department of radiology of LSUHSC-S in official and individual capacity | | |

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIA
FILED

JAN 0 6 2000

ROBERT H. SHEMWELL, CLERK
BY_____
                    DEPUTY

SECOND AMENDED AND
SUPPLEMENTAL ORIGINAL COMPLAINT

NOW UNTO COURT, through undersigned counsel, comes and appears MASSOUD ARBABZADEH (hereinafter Plaintiff), and respectfully files this second amended and supplemental original complaint, and for cause would show:

I. PRELIMINARY STATEMENT

1.      This action for declaratory and injunctive relief challenges the constitutionality of certain actions of the defendants ROY G. CLAY, JR. and HORACIO R. D'AGOSTINO, who have deprived plaintiff of his civil rights in:

(a)      Failing to provide for plaintiff's administrative appeals as guaranteed in the LSUHSC's Bylaws of the Medical Staff (the Bylaws);

(b)        By summarily demanding a resignation of plaintiff's residency position and medical staff privileges without due process as guaranteed by the United States Constitution and the Louisiana State Constitution; and

(c)        By continuing and maintaining the termination of plaintiff's residency position and medical staff privileges without due process as guaranteed by the United States Constitution and the Louisiana State Constitution.

## II.   JURISDICTION AND VENUE

2.        This Court has original jurisdiction over this subject matter pursuant to 28 U.S.C. Section 1331, (federal question) and 28 U.S.C. Section 1343 (civil rights).

3.        Venue in this judicial district is proper pursuant to 28 U.S.C. Section 1391(b).

## III.   PARTIES

4.        Plaintiff is a citizen of Iran, and a permanent resident of Canada.  He is a medical doctor in good standing with the Louisiana State Board of Medical Examiners [LSBME].

5.        The defendant ROY G. CLAY, JR. is the associate dean of clinical affairs and medical director of the Louisiana State University Health Science Center-Shreveport [LSUHSC-S].  ROY G. CLAY, JR. is sued in his official and individual capacity.

6.      The defendant HORACIO R. D'AGOSTINO is the chairman of the department of radiology of LSUHSC-S.   HORACIO D'AGOSTINO is sued in his official and individual capacity.

7.      LSUHSC-S   has   its   principal   place   of business at 1501 Kings Highway, in the City of Shreveport, State of Louisiana.  LSUHSC-S employs Plaintiff pursuant to an annual contract  for  residency  training  in  Radiology  beginning  on  or about  July  1,  1999  and  ending  June  30,  2000,  which  contract provides  Plaintiff  certain  property  and  liberty  interests,  and rights to due process.

## IV.   FACTUAL ALLEGATIONS

8.      Plaintiff in a medical doctor and currently in his third year of a four year residency program in radiology at LSUHSC.

9.      The   amount   involved   in   this   controversy exceeds the statutory minimum, exclusive of interest and costs.

10.      On or about December 14, 1999, plaintiff was  regularly  employed  and  working  as  a  third-year  resident  in the LSUHSC-S Radiology Department.

11.      On said date, at about 4:20 p.m., plaintiff was  summoned  to  a  meeting  by  Horacio  R.  D'Agostino,  M.D., Chairman of the Department of Radiology.  Prior to being summoned by Dr. D'Agostino, plaintiff had no notice of the meeting which was to take place and had no notice of the issues to be discussed at the meeting.

12.     On said date, at about 4:30 p.m., plaintiff met with Dr. D'Agostino, Dr. Roy G. Clay, Jr., Associate Dean for Clinical Affairs, and Ms. Susan Armstrong, M.S.N., M.B.A., J.D., University Compliance Officer in Dr. Clay's office.

13.     At said meeting, defendant ROY G. CLAY, JR. issued an ultimatum and obtained by threats and persistent demands a letter purporting to be a letter of resignation by plaintiff.

14.     The one sentence writing was typed by an agent of LSUHSC-S, addressed by an agent of LSUHSC-S to Dr. D'Agostino and dated December 14, 1999, a copy of which document is attached hereto and made a part of this complaint marked Exhibit A.

15.     The defendant ROY G. CLAY, JR., well-knowing plaintiff's rights to due process pursuant to plaintiff's employment contract with LSUHSC-S, wrongfully and fraudulently, and with malicious intent, conspired with others, to obtain by ultimatum, threats and persistent demands, a coerced resignation from plaintiff.

16.     According to ROY G. CLAY, JR., plaintiff's general conduct in the residency program is not and was not a factor in the decision to issue the ultimatum resulting in the coerced resignation.

17.     Further, the alleged conduct forming the basis for the coerced resignation is not related to patient care

at LSUHSC-S or any other entity's health care facility, but rather relates to a single incident occurring on or about December 3, 1999 of alleged attempted violation of LSUHSC-S pharmacy policy concerning medication for plaintiff's family valued at $7. Plaintiff was legally authorized to write the prescription for the medication. Plaintiff did not in fact obtain the medication from the LSUHSC-S pharmacy, and did in fact legally obtain the prescription from a local pharmacy on December 3, 1999.

18. Plaintiff relied upon the false and fraudulent representations of ROY G. CLAY, JR., believed them to be true, and would not have signed the purported letter of resignation if he had known that the representations or any of them were false and untrue. Plaintiff did not learn of the falsity of the representations until a few days later.

19. Further, plaintiff relied upon the representations of ROY G. CLAY, JR. and thereby was mistaken in believing the purported letter of resignation would protect plaintiff from claims and allegations made to the Louisiana State Board of Medical Examiners [LSBME] and the Educational Commission for Foreign Medical Graduates [ECFMG], when in fact, ROY G. CLAY, JR. intended and in fact has reported the claims and allegations to said entities in contradiction to the representations made to plaintiff at the December 14, 1999 late afternoon meeting.

20.      Plaintiff  has  amicably  demanded  the revocation and annulment of the purported letter of resignation of December 14, 1999, and the recognition of his rights to due process provided to LSUHSC-S House Officers, to no avail.

21.      A dispute has arisen between the plaintiff and the defendants as to the existence of a valid resignation by plaintiff, which resignation plaintiff alleges was not free and voluntary, but in fact, was the result of fraud, duress, threats, and persistent demands by defendants.

22.      The position of plaintiff is that there is no valid resignation by plaintiff and the defendants refuse to recognize the existence of plaintiff's rights arising out of plaintiff's contract entered into on or about April of 1999.

23.      An actual and bona fide controversy exists between the plaintiff and the defendants as to their jural and legal relations in respect to plaintiff's employment contract with LSUHSC-S, and the rights of the parties under this agreement can be determined only by a declaratory judgment.

24.      Plaintiff  alleges  that  he  will  be irreparably harmed if a temporary restraining order is not issued to defendants.

25.      Plaintiff  is  a  foreign  medical  doctor residing in this country pursuant to a visa sponsored by the ECFMG and tied to the training program with LSUHSC-S.   ROY G. CLAY, JR. has reported the purported resignation to the ECFMG,

and plaintiff is informed and believes that such report will result in the revocation of his visa and the deportation of plaintiff, his wife and nine year old child.

26. Further, plaintiff is informed and believes that defendant HORACIO D'AGOSTINO is currently attempting to fill plaintiff's third year Radiology position with another medical doctor and plaintiff will suffer irreparable harm if such position is filled by another medical doctor and plaintiff alleges that defendants should be enjoined from replacing plaintiff until such due process is afforded plaintiff by defendants.

27. Plaintiff would show that the deliberation process conducted prior to and during the December 14, 1999 meeting was fundamentally flawed so as to deny plaintiff fundamental protections of due process in the following particulars:

(a) Defendant Dr. Clay, associate dean for clinical affairs, refused to allow the plaintiff to explain his actions claiming that Defendant HORACIO R. D'AGOSTINO, the department chairman, had already told the associate dean what had happened and no other information was necessary for the associate dean to decide;

(b) Dr. Clay and Ms. Armstrong intimidated Plaintiff by claiming that plaintiff would be immediately

prosecuted by law enforcement officials if he failed to immediately resign;

(c)     Plaintiff was excluded from the deliberation process and did not have an opportunity to present arguments in his favor;

(d)     Plaintiff does not know what, if any, witnesses statements were taken in the deliberation process, thereby preventing rebuttal testimony by plaintiff, calling witnesses by plaintiff or cross-examination by plaintiff; and,

(e)     Defendants acted arbitrarily and capriciously in demanding an immediate resignation and prohibiting plaintiff from seeking the advice of counsel.

28.     Plaintiff shows that defendants have refused to acknowledge the right of plaintiff to due process guaranteed by employment contract with LSUHSC-S.

29.     At all times relevant, the defendants acted under color of state law.

V.  <u>CLAIMS FOR RELIEF</u>

30.     Acting under color of authority conferred upon them by the laws of the State of Louisiana, defendants have deprived plaintiff of substantive and procedural safeguards of due process in the following particulars:

(a)     By determining to take action against plaintiff and depriving him of property and liberty interests without first affording him a right to hearing;

(b)     By determining to take action against plaintiff and depriving him of property and liberty interests without affording him the right to cross-examine his accusers;

(c)     By determining to take action against plaintiff and depriving him of property and liberty interests without affording him the right to an impartial decision-maker;

(d)     By determining to take action against plaintiff and depriving him of property and liberty interests without affording him notice of the date and time of the hearing to consider his conduct and affording him an opportunity to be heard.

31.     By depriving plaintiff of his liberty and property interests, defendants, at all times acting under color of state law, violated plaintiff's constitutional and civil rights and have proximately caused plaintiff damages including mental and emotional distress, community humiliation, loss of professional reputation and out-of-pocket expenses. Moreover, defendants are currently violating plaintiff's rights by wrongfully prohibiting plaintiff from continuing with his life's work as a medical doctor.

32.     Plaintiff also seeks punitive damages as the actions of defendants exhibited oppression, malice, gross negligence, willful or wanton misconduct, or reckless disregard for the civil rights of plaintiff.

33.     Plaintiff is entitled to an award of all reasonable attorney fees, and expert fees as part of the costs of this proceeding.

## VI.   INJUNCTIVE RELIEF

34.     Plaintiff is entitled to injunctive relief to immediately restrain defendants from continuing their deliberate and intentional actions that are violating plaintiff's civil rights.

35.     Plaintiff shows that defendants have reported the purported resignation to the Louisiana State Board of Medical Examiners [LSBME], which report has stigmatized plaintiff causing immediate and irreparable harm to plaintiff's professional reputation.  The LSBME would publish throughout the United States the defendants' report thereby causing further damage to plaintiff's reputation.

36.     Plaintiff shows that defendants have reported the purported resignation to the Educational Commission for Foreign Medical Graduates [ECFMG], which report will revoke the visa of plaintiff causing immediate and irreparable harm to plaintiff and his family by beginning deportation proceedings.

37.     Plaintiff is entitled to immediate injunctive relief, and in due course preliminary and permanent injunctive relief:

(a)     Prohibiting defendants from any further reporting of the purported resignation to

the LSBME, ECFMG or to any other agency or entity.

(b)     Mandating defendant provide for plaintiff continuing in the Third year Radiology program at LSUHSC, and for all due process allowed under the LSUHSC House Staff Manual.

## VII.  <u>PRAYER</u>

WHEREFORE, plaintiff MASSOUD ARBABZADEH prays that upon the filing of this complaint this Court advance this case on the docket and order a speedy hearing of same and upon the hearing this Court:

I.    Enter judgment in favor of plaintiff and against defendants for all actual damages, mental and emotional distress, community humiliation, loss of professional reputation, and out-of-pocket expenses;

II.   Award plaintiff punitive damages against defendants;

III.  Award all reasonable attorney fees, including expert fees;

IV.   Award all pre-judgment and post-judgment interest;

V.    Award all costs of Court to plaintiff;

VI.   Injunctive and declaratory relief as requested;

VII.  That plaintiff have such other, additional or alternative relief as may appear to the Court to be equitable.

Fourteenth Floor Slattery Building
509 Marshall Street, Suite 1400
Shreveport, Louisiana 71101-3575
Phone: (318) 221-0607

DAVIS, FLANAGAN & CARMODY

By: _____

F. MICHAEL CARMODY
Bar Roll No. 20508

Attorneys for Massoud Arbabzadeh

Page 12 of 12

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MASSOUD ARBABZADEH, M.D.                 §      CIVIL SUIT NUMBER: 99-2338-S

VERSUS                                   §      JUDGE WALTER

ROY G. CLAY, Jr., M.D., in official     §      MAGISTRATE JUDGE PAYNE
and individual capacity of
associate dean for clinical affairs
and medical director of LSUHSC-S,
and
HORACIO R. D'AGOSTINO, M.D., in
official and individual capacity of
chairman of department of radiology
of LSUHSC-S

## VERIFICATION

STATE OF LOUISIANA

PARISH OF CADDO

    BEFORE ME, the undersigned authority, personally came and appeared:

                    MASSOUD ARBABZADEH, M.D.,

who, first being duly sworn, did depose and state:

    That he has read the above and foregoing pleadings and the allegations contained therein are true and correct to the best of his knowledge, information and belief.

_____
MASSOUD ARBABZADEH, M.D.

SWORN TO AND SUBSCRIBED before me, this 5th day of _____, 2000.

_____
Notary Public

C  O  P  Y

December 14, 1999

Dr. Horacio D'Agostino
Chairman, Radiology Department
LSUHSC
1501 Kings Highway
Shreveport, LA 71103

Dear Dr. D'Agostino:

I resign my position as a resident in Radiology effective immediately.

Sincerely,

*M. Arbabzadeh*

Massoud Arbabzadeh, M.D.

**PLAINTIFF'S
EXHIBIT**

*A*

TOTAL P.03