U.S DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

MAY 30 2000

ROBERT H. SHEMWELL CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| MASSOUD ARBABZADEH M.D. | : CIVIL ACTION FILE NO. 99-2338-S |
| VERSUS | : JUDGE WALTER |
| ROY G. CLAY, JR., M.D. and HORACIO R. D'AGOSTINO, M.D. | : MAGISTRATE JUDGE PAYNE |

### ANSWER TO SECOND AMENDED AND SUPPLEMENTAL ORIGINAL COMPLAINT

COME NOW defendants, Roy G. Clay, Jr., N.D. ("Clay") and Horacio R. D'Agostino, M.D. ("D'Agostino"), and, for answer to the complaint filed by Massoud Arbabzadeh, M.D.("Arbabzadeh"), deny each and every allegation contained therein except those allegations which are hereinafter specifically admitted. Further responding to the complaint, defendants aver, allege, plead and state as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted against Clay and/or D'Agostino insofar as it seeks monetary recovery against either in their official capacities, as such claims are barred by the Eleventh Amendment.



## SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted against Clay and/or D'Agostino, in their individual capacities, and, further, any such claim is barred by the qualified immunity of Clay and D'Agostino.

## THIRD DEFENSE

The complaint is, in large part if not wholly, moot in that Arbabzadeh was allowed to rescind his resignation and has been, (and is now being) afforded any and all due process to which he is entitled.

## FOURTH DEFENSE

Arbabzadeh has failed to exhaust his administrative remedies in that his appeal (of the proposed termination of his residency/House Officer's contract) is still pending.

## FIFTH DEFENSE

The proposed termination of Arbabzadeh's residency/House Officer contract was, and is, for legitimate and proper reasons.

## SIXTH DEFENSE

Decisions by the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, and its administrators, concerning the qualifications of participants in its residency program and/or whether (or not) participants' contracts will be continued or renewed are entitled to deference by the courts.

## SEVENTH DEFENSE

Now responding to the allegations of the complaint by paragraph, Clay and D'Agostino plead

and state as follows:

## I. PRELIMINARY STATEMENT

1.

The allegations contained in Paragraph 1 of the complaint, including all subparts thereof (a), (b) and (c), are denied and/or denied as written.

## II. JURISDICTION AND VENUE

2.

The allegations contained in Paragraph 2 of the complaint are denied as written.

3.

The allegations contained in Paragraph 3 are admitted.

## III. PARTIES

4.

The allegations contained in Paragraph 4 are denied as written and/or for lack of sufficient information to justify a belief therein.

5.

Clay admits his name, title(s) and that he has been sued as is alleged in Paragraph 5.

6.

D'Agostino admits his name, title(s) and that he has been sued as is alleged in Paragraph 5.

7.

The allegations contained in Paragraph 7 of the complaint are denied as written.

## IV. **FACTUAL ALLEGATIONS**

8.

The allegations contained in Paragraph 8 of the complaint are denied as written.

9.

The allegations contained in Paragraph 9 of the complaint are denied and/or denied as written.

10.

The allegations contained in Paragraph 10 of the complaint are admitted.

11.

The allegations contained in Paragraph 11 of the complaint are denied as written.

12.

The allegations contained in Paragraph 12 of the complaint are denied as written. Clay and D'Agostino admit that they, and Ms. Armstrong, met with Arbabzadeh on December 14, 1999.

13.

The allegations contained in Paragraph 13 of the complaint are denied and/or denied as written.

14.

The allegations contained in Paragraph 14 of the complaint are denied as written. Clay and D'Agostino however admit that Arbabzadeh did resign and signed the referenced letter of resignation.

15.

The allegations contained in Paragraph 15 of the complaint are denied.

16.

The allegations contained in Paragraph 16 of the complaint are denied as written.

17.

The allegations contained in Paragraph 17 of the complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph 18 of the complaint are denied and/or denied as written.

19.

The allegations contained in Paragraph 19 of the complaint are denied and/or denied as written.

20.

The allegations contained in Paragraph 20 of the complaint are denied and/or denied as written.

21.

The allegations contained in Paragraph 21 of the complaint are denied and/or denied as written.

22.

The allegations contained in Paragraph 22 (insofar as they require a response) of the complaint are denied and/or denied as written, out of an abundance of caution.

23.

The allegations contained in Paragraph 23 of the complaint are denied and/or denied as written.

24.

The allegations contained in Paragraph 24 of the complaint are denied and/or denied as written.

25.

The allegations contained in Paragraph 25 of the complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

26.

The allegations contained in Paragraph 26 of the complaint are denied and/or denied as written.

27.

The allegations contained in Paragraph 27 of the complaint are denied and/or denied as written, including subparts(a), (b), (c), (d) and (e) thereof.

28.

The allegations contained in Paragraph 28 of the complaint are denied and/or denied as written.

29.

The allegations contained in Paragraph 29 of the complaint are denied as written. Clay and D'Agostino further plead and state that their actions in this matter were legal, appropriate and within

their qualified immunity.

30.

The allegations contained in Paragraph 30 of the complaint are denied and/or denied as written, including subparts (a), (b), (c), and (d) thereof.

31.

The allegations contained in Paragraph 31 of the complaint are denied and or denied as written.

32.

The allegations contained in Paragraph 32 of the complaint are denied and/or denied as written.

33.

The allegations contained in Paragraph 33 of the complaint are denied and/or denied as written.

## VI. **INJUNCTIVE RELIEF**

34.

Clay and D'Agostino deny that plaintiff is/was entitled to injunctive relief as alleged in Paragraph 34, but are cogniscent of, and have complied with, this Court's order/judgment.

35.

The allegations contained in Paragraph 35 of the complaint are denied and/or denied as written.

36.

The allegations contained in Paragraph 36 of the complaint are denied and/or denied as written. Clay and D'Agostino admit that Arbabzadeh's resignation was initially and appropriately reported to the ECFMG.

37.

Clay and D'Agostino deny that plaintiff is/was entitled to injunctive relief as alleged in Paragraph 34, but are cogniscent of, and have complied with, this Court's order/judgment.

## VII. **PRAYER**

WHEREFORE, defendants pray that their answer be deemed good and sufficient and that, after due proceedings are had, there be judgment entered in their favor and against plaintiff, dismissing his complaint, with prejudice and at plaintiff's cost.

By Attorneys,

TAYLOR, PORTER, BROOKS, & PHILLIPS, L.L.P.

By _____
Thomas R. Peak
P.O. Box 2471
Baton Rouge, LA 70821
Telephone (225) 387-3221
Bar Roll Number: 14300

## - CERTIFICATE -

I certify that a copy of the foregoing was this day mailed, postage prepaid, to F. Michael Carmody, Davis, Flanagan & Carmody, Fourteenth Floor Slattery Building, 509 Marshall Street, Suite 1400, Shreveport, Louisiana 71101-3575.

Baton Rouge, Louisiana this 24th day of May, 2000.

_____
Thomas R. Peak

#57474v1 -Answer to 2nd Supp Amended Petition.wpd

# TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.

**ATTORNEYS AT LAW**
*Founded 1912*

POST OFFICE BOX 2471
BATON ROUGE, LOUISIANA 70821
8TH FLOOR BANK ONE CENTRE
451 FLORIDA STREET (70801)

TELEPHONE (225) 387-3221
FACSIMILE (225) 346-8049

PAN-AMERICAN LIFE CENTER
601 POYDRAS STREET, SUITE 2655
NEW ORLEANS, LOUISIANA 70130

TELEPHONE (504) 524-1956
FACSIMILE (504) 522-1810

| | | |
|---|---|---|
| WILLIAM H. McCLENDON III | JOHN ASHLEY MOORE | T. MacDOUGALL WOMACK |
| WILLIAM SHELBY McKENZIE | EDWIN W FLESHMAN | DAVID M BIENVENU, JR |
| JOHN S. CAMPBELL, JR | VICKI M CROCHET | MATTHEW J RANDAZZO III |
| ROBERT H HODGES | HARRY J PHILIPS, JR | DAVID J SHELBY II |
| JOHN R THARP | LLOYD J LUNCEFORD | ERICK Y MIYAGI |
| W LUTHER WILSON | THOMAS R PEAK | WILLIAM E HODGKINS |
| GERALD L WALTER, JR | C MICHAEL HART | ANNE JORDAN CROCHET |
| J CLAYTON JOHNSON | JOHN F McDERMOTT*† | JAYNE L MIDDLETON |
| G MICHAEL PHARIS | BRETT P FURR | ROBERT W BARTON |
| EUGENE R GROVES | M LENORE FEENEY | PRESTON J. CASTILLE, JR |
| A MICHAEL DUFILHO | KATHLEEN C. MASON | ELEANOR OWEN KERR |
| W ARTHUR ABERCROMBIE, JR | MARC S WHITFIELD† | JOHN STEWART THARP |
| FREDRICK R. TULLEY | JOHN H. RUNNELS** | JOHN S CAMPBELL III |
| VERNON P MIDDLETON | DAVID J MESSINA | JOHN P MURRILL |
| JAMES LEEPER ELLIS | GREGORY E BODIN | BONNIE J DAVIS** |
| JOHN MICHAEL PARKER | JAMES C CARVER | MARY DOUGHERTY JACKSON†† |
| NANCY C DOUGHERTY | MARGARET L. TOOKE | ANDREE MATHERNE CULLENS |
| MARY E THARP | DEBORAH E. LAMB | BRANDON K BLACK |

AMY GROVES LOWE
KATHERINE B. MUSLOW
WM ALAN MILLER
JOHN B NOLAND, JR
PHILLIP E. FOCO
TODD S MANUEL
TIMOTHY J POCHÉ
JOHN ALLAIN VIATOR

OF COUNSEL
TOM F PHILLIPS
FRANK M COATES, JR
WILLIAM A. NORFOLK
JOHN L GLOVER

†LL.M IN TAXATION
††BOARD CERTIFIED ESTATE SPECIALIST
*BOARD CERTIFIED TAX SPECIALIST
**REGISTERED PATENT ATTORNEY

May 24, 2000

RECEIVED
MAY 30 2000
ROBERT H SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

WRITER'S DIRECT DIAL NUMBER
DIRECT DIAL (225) 381-0231

Honorable Robert H. Shemwell
U.S.D.C. - Western District/Shreveport Division
1167 U.S. Courthouse
300 Fannin Street
Shreveport, LA 71101

RE: Massoud Arbabzadeh v. Roy G. Clay, Jr., M.D., et al
Suit No. 99CV2338-S, U.S.D.C. - Western District/Lake Charles Division

Dear Mr. Shemwell:

Enclosed please find one original and two copies of our Answer to Second Amended and Supplemental Original Complaint in the above referenced matter. Please file the original into the suit record, return one copy to us in the enclosed self addressed stamped envelope and disperse the other copy to the proper party.

If you should have any questions, please call us at the number listed above.

Very truly yours,

TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.

Thomas R. Peak

TRP:akh

Enclosure